PER CURIAM.
The defendant, Ira Ferguson, appeals from an order denying his Motion for Return of Property. We reverse and remand for an evidentiary hearing.
The defendant, Ira Ferguson, filed a motion seeking the return of personal property that was seized from him when he was arrested in June 2000. In April 2001, the trial court ordered the State to return the property unless it could demonstrate that the property needs to “be retained for evidentiary value.”
In August 2002, the defendant filed a pro se Motion for Contempt and Sanctions asserting that the State had conceded that the defendant was entitled to the return of the property, but that the property had not been returned. The record does not reflect that the trial court ruled on this motion. However, on September 11, 2002, the trial court entered an order denying the defendant’s Motion for Return of Property finding that the seized property “has considerable evidentiary value in the ongoing investigation and potential prosecution *582 of 2 robberies and a related murder case....” Although, the September 11th order indicates that the matter was heard by the trial court, there is no transcript of the hearing or anything else in the record that indicates what transpired during the hearing.
In response, the State argues that this Court should either affirm the order under review based on the defendant’s failure to provide an adequate record, or remand for an evidentiary hearing to address whether the property needs to be retained by the State for the future prosecution of any other case against the defendant.
The record indicates that when the trial court entered its September 11th order, the defendant was acting pro se. Further, the record does not indicate that the defendant was notified of the hearing or that he was present at the hearing. Therefore, the defendant should not be penalized for the lack of a transcript. Moreover, the parties cannot provide a stipulated statement as provided for in Rule 9.180(f)(4), Florida Rules of Appellate Procedure,[1] because the defendant was not present at the hearing. Finally, because it has been almost two years since the evidentiary hearing took place and almost four years since the property has been seized, it is quite possible that the State may no longer have a need to retain the evidence. Therefore, under the circumstances, we reverse the order under review and remand for an evidentiary hearing.
Reversed and remanded.

. Rule 9.180(f)(4) provides:
Stipulated Record. The parties may stipulate to the contents of the record. In such a case the record shall consist of the stipulated statement and the order appealed which the lower tribunal shall certify as the record on appeal.